IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| N.G., by and through his guardian, Wyella Gaymon and Wyella Gaymon, | C.A. No. 0:10-cv-02973-CMC |
| Plaintiffs, | OPINION AND ORDER ON MOTION TO COMPEL |
| South Carolina Department of Social Services, Jan Author, Deanna "Dinks" Howard, Cassie Cajjino, Melissa Parker, Carrie Fox, Beth Haynes, Christy White, Amy Cue, and Growing Homes Southeast, Inc., | |
| Defendants | |

Plaintiffs' motion to compel is granted in part and denied in part. Defendants are directed to conduct a document review and make disclosures as indicated below. To the extent production of documents is required, that production shall, initially, be made for *in camera* review. Except to the extent compelled by this order, Plaintiffs' motion to compel production is either deemed moot or denied and Plaintiff's motion to compel responses to interrogatories is denied without prejudice.[1]

## ARGUMENTS

**Plaintiffs.** Plaintiffs assert that they need to review a broad category of documents in order to determine the extent to which Defendants were on notice that R.L., a foster child and the alleged perpetrator of the minor-on-minor abuse underlying the claims in this action, posed a danger to other

---

[1] The parties have advised the court that they have resolved the motion to the extent it relates to employment records and information relating to prior similar complaints, settlements, and legal actions. Plaintiffs' motion is, therefore, deemed moot with respect to these categories of information. To the extent Plaintiffs' motion addresses interrogatories, it is granted to the extent of requiring responses to the interrogatories set forth in this order and otherwise denied. This denial is without prejudice to service of subsequent interrogatories consistent with the rulings herein.

1

children. Plaintiffs argue that the state law protections on which Defendants rely in objecting to the discovery requests are not binding on a federal court and, even under state law, "can be overcome by a judicial order." Dkt. No. 26 at 5-6.[2] Plaintiffs appear, nonetheless, to concede that an *in camera* review of documents prior to disclosure may be appropriate.

In addition, Plaintiffs argue that some of the information sought is necessary "for N.G.'s social worker expert to provide a valid opinion and survive a *Daubert* challenge[.]" *Id.* at 9. Plaintiffs have not, however, provided promised support for this position. *See id.* (promising to "submit an affidavit from [Plaintiffs'] expert in support of" this assertion). Lacking such support, the court declines to consider Plaintiffs' expert-specific argument.

**Defendants.** Defendants present multiple arguments for why they should not be compelled to provide the requested discovery. First, acting on behalf of R.L., a foster child in its care, Defendant South Carolina Department of Social Services ("DSS") invokes R.L.'s rights under the Fifth Amendment. Second, Defendants argue that the files are subject to protection under S.C. Code § 63-7-1990 and a related regulation.[3] Third, Defendants argue the request is overbroad. Finally, Defendants argue that files of other alleged victims of R.L. should not be produced for the same reasons set forth above (with particular concern for the privacy interests of these children who are not otherwise represented in this action) and because information in those files as to any abuse by R.L. would also be reflected in R.L.'s files. Defendants affiliated with Growing Homes Southeast,

---

[2] In opposing Plaintiffs' motion, Defendants relied on only some of the grounds Plaintiffs anticipated. This order addresses only those arguments actually advanced by Defendants.

[3] Though cited, the regulation is not further discussed. The court does not, therefore, consider it here.

2

Inc. (collectively "Growing Homes Defendants") argue, in addition, that they are prohibited by contract from making the requested disclosures.

## DISCUSSION

**Fifth Amendment.** Defendants' Fifth Amendment argument is limited to a generic invocation of unspecified Fifth Amendment rights on R.L.'s behalf. Although Defendants do not identify the specific right or rights at issue, the court presumes Defendants are referring to the Fifth Amendment's protection against self incrimination. It does not, however, appear that this right would be implicated by third-party production. Absent some argument to the contrary, and none is offered, the court finds the Fifth Amendment inapplicable as the discovery requests are not directed to R.L.

**Statutory Protection.** It is essentially undisputed that the documents at issue fall within the categories of document protected under S.C. Code. Ann. § 63-7-1990 ("the Act"). The Act allows for limited disclosure of documents falling within its scope and imposes criminal (misdemeanor) penalties for unauthorized disclosure. One provision of the Act allows disclosure to

> parties to a court proceeding in which information in the records is legally relevant and necessary for the determination of an issue before the court, if before the disclosure the judge has reviewed the records in camera, has determined the relevancy and necessity of the disclosure, and has limited disclosure to legally relevant information under a protective order.

S.C. Code Ann. § 63-7-1990(B)(11).

The Act provides both substantive and procedural protections. The court assumes without deciding that the procedural aspects of the statute are not binding on this court as a state law cannot limit discovery in federal cases. *See* Dkt No. 26 at 6 (cases cited by Plaintiffs). The court, nonetheless, concludes that it is appropriate for the court to conduct an *in camera* review of the

documents prior to disclosure and will subject any disclosed documents to protection under the existing confidentiality order.[4]

To facilitate the court's *in camera* review, the court will require defense counsel to review all documents falling within specified categories in order to identify any which meet criteria likely to make them relevant to the claims in this case. *See infra* Overbreadth and Duplication. Defendants shall produce those documents and related indexes to the court in a specified form. *See infra* Directions for Production for *In Camera* Review. The court recognizes that these procedures may impose a substantial burden on defense counsel (and a corresponding cost on Defendants) but finds that burden necessary to give proper protection to the documents.[5]

**Overbreadth and Duplication.** The court agrees that the document request is, to some degree, overbroad and will limit the required production to documents which:

   (1)   were created or refer to events prior to R.L.'s removal from the Gaymon home (where the alleged minor-on-minor abuse occurred); and

   (2)   report or reference any of the following (a) acts or threats of physical or sexual aggression by R.L., (b) inappropriate sexual activity or comments directed to other children by R.L., (c) indications that R.L. was, himself, sexually abused, or (d)

---

[4] While this court is not bound by state procedural requirements, it does apply state law regarding privileges to state law claims and may give weight to the state-law rules even as to federal claims. *See generally* Fed. R. Evid. 501 (applying state law privilege rules as to elements of state-law claims) and Notes (noting federal court may give state law persuasive or even controlling effect in deciding federal common law of privilege). Here, Plaintiff has plead both state and federal claims.

[5] The only alternatives would be to (1) impose the same burdens on the court (to conduct an *in camera* review of the entire files) or (2) allow Plaintiff's counsel to review the documents in a reading room setting. Defendants oppose the latter option, arguing that agreement to that course would place them in violation of the statute.

expressions of concern by others that R.L. posed a risk of harm to others or, for any reason, should not be placed in a home with other children.[6]

The court will not, however, limit the categories of files to be reviewed as neither Plaintiffs' counsel nor the court can know where relevant documents might be located. Thus the review and production required includes all files referenced in Plaintiffs' memorandum including, as limited below, files referring to other children who were housed with R.L. prior to his removal from the Gaymon home. Files of other children need only be searched for references to adverse encounters with R.L. and that requirement will be imposed only if there is some other evidence that R.L. may have acted aggressively (physically or sexually) toward that child at some point prior to his removal from the Gaymon home.[7]

**Contract-Based Argument.** The court presumes without deciding that the contract-based limitations would preclude the Growing Homes Defendants from making disclosures of client information without a court order. This argument does not, however, suggest any limitations on what the court may require these Defendants to disclose. The Growing Homes Defendants are, therefore, required to make production to the same extent required of the remaining Defendants (collectively "DSS Defendants").

---

[6] Plaintiffs also sought disclosure of any references to "antisocial behavior" by R.L. Because the definition of "antisocial behavior" is inherently broad, the court asked Plaintiffs' counsel to submit a narrow list of particular antisocial behaviors which would suggest that R.L. posed a particular risk of abusing other children. The list which counsel subsequently submitted was exceptionally broad and persuades the court that it should not require disclosure of references to antisocial behavior.

[7] Such evidence would include any reference to such aggression in R.L.'s file or any other file counsel is required to review by this order. It also includes any independent knowledge held by any person who is named as a Defendant at the time of entry of this order. This requirement is imposed regardless of when the knowledge was obtained, so long as the knowledge relates to an event predating R.L.'s removal from the Gaymon home.

5

**Directions for Production for *In Camera* Review**. WHEREFORE, no later than June 22, 2011, *attorneys* for Defendants who are admitted to the bar of this court shall complete a review of all files referenced in Plaintiffs' motion at pages 7-8, paragraphs 1-13. Counsel shall identify any documents in those files which satisfy the requirements referenced above. *See supra* Overbreadth and Duplication. All documents so identified shall be copied in full,[8] bates numbered, and indexed. The index should provide each document's bates number(s) and a brief description including the nature of the document (*e.g.*, letter, caseworker report, medical record), date, author, and source (*e.g.*, the file from which the document was obtained).

A copy of all such documents, together with the descriptive index, shall be provided to the court for *in camera* review by the deadline set out above. Identifying information including the names of any children (including R.L.) and identifying information as to the home will be redacted and replaced with an alpha or numeric designation.[9] The language which caused counsel to believe the document was or might be subject to disclosure shall be highlighted on the copy provided for *in camera review*.[10]

---

[8] For example, if the statement requiring disclosure is found on one page of a four page document, all four pages of the document shall be disclosed.

[9] Prior to delivery to the court for *in camera* review, R.L. and N.G.'s names shall be replaced with their initials. The names of other children (and other identifying information) shall be redacted and the children's names shall be replaced with a numeric identification. Identifying information regarding the household shall also be redacted and replaced with a letter designation.

Defense counsel shall prepare and retain a document cross-referencing these alpha and numeric designations with the relevant identifying information. That index shall provide (1) the child's age and gender, (2) the child's name, and information adequate to identify the home in which the child was housed at the time of the incident involving R.L.. A redacted version of this index, giving only the child's numeric designation, age and gender will be provided to the court together with the production of documents for *in camera* review.

[10] If the court orders production, it shall not require Defendants to provide a highlighted version to Plaintiffs. Defendants should, therefore, retain a copy for this purpose which is redacted but not highlighted.

6

Defendants shall provide the above referenced documents and related indexes to the court no later than June 22, 2011.[11] In addition, Defendants shall include a certification by the attorneys involved in the review process that they have reviewed the listed categories of file and produced documents in conformity with the requirements of this order. To the extent a category of file does not exist or contains no relevant document, counsel shall so certify. Upon receipt of these documents, indexes, and certification(s), the court will determine which, if any, documents must be disclosed to Plaintiffs. Unless otherwise ordered, all documents shall be treated as confidential under the existing confidentiality order if and when produced.

At the time the documents are provided for *in camera* review, counsel shall provide copies of the indexes to all counsel. The indexes shall not, however, be filed and shall be treated as confidential absent further order. Either group of Defendants may file supplemental indexes and documents within fourteen days after receipt of their co-Defendants' submission.[12]

**Interrogatories.** Within fourteen days of entry of this order, Defendants are directed to respond to the interrogatories set out below. To the extent Defendants' responses may refer to any minors other than N.G. and R.L. or households other than the Gaymon home, Defendants should identify the children and homes using letters and numbers as indicated above. Defendants should maintain a cross-reference for these designations.[13]

---

[11] The court intends that the document review be completed by attorneys admitted to the District of South Carolina bar. Recognizing the significant amount of work this may entail, the court has allowed a generous period for completion of the task. Counsel should not anticipate any extension of this deadline.

[12] This allowance for supplementation recognizes both the risk of oversight and that different individuals may interpret the same or similar reports differently.

[13] The alpha and numeric designations used to replace identifying information redacted from documents should, to the extent possible, correspond with the designations used in interrogatory

1. Defendants shall state, on a Defendant-specific basis

    (a) what role, if any, he or she played in evaluation of R.L.'s suitability for placement in a home with other children in general and the Gaymon home in particular prior to R.L.'s removal from the Gaymon home;

    (b) what information (including any documents) regarding R.L.'s suitability he or she considered in making any decision or recommendation regarding R.L's placement(s) at any time prior to his removal from the Gaymon home;

    (c) if involved in R.L.'s placement in the Gaymon home (including a continuation of the initial placement), the reasons he or she considered in deciding to place or leave R.L. in that home;

    (d) whether he or she has, at any time, learned or been informed of any incidents which occurred prior to R.L's removal from the Gaymon home involving threats or acts of physical or sexual aggression by R.L. against other children.  To the extent a Defendant has learned or been informed of such an incident, Defendant should describe the reported incident and state when and how he or she learned of it.  In addition, Defendant should identify the minors and households involved by alpha-numeric designation.

2. Defendants shall also disclose the household makeup of R.L.'s subsequent placements for a period of twelve months following his removal from the Gaymon home.  Specifically, Defendants shall indicate the dates and nature of subsequent placements (*e.g.,* foster home or group home), and

---

responses.

the ages and genders of all persons residing in the homes at the same time as R.L. Defendants need not provide any further information from which the home or residents might be identified.

Responses to these interrogatories shall be served on Plaintiffs within fourteen days of entry of this order. Copies shall also be provided to the court together with the *in camera* review but these documents shall not be filed.

### SEALING OF FILED DOCUMENTS

An exhibit filed in support of Plaintiff's motion to compel includes confidential information regarding R.L. Dkt. No. 26-3. Although that document has been redacted to remove identifying information and R.L. is identified in this action only by his initials, the public filing of this document poses a serious risk of disclosure of confidential information to anyone who is or becomes aware of R.L's identity and is not otherwise entitled to review this confidential information. The document was, in any event, filed in support of a discovery motion, making *in camera* review appropriate. The court, therefore, concludes that this document should be sealed and directs the clerk to do so. The court further directs all parties to contact chambers by teleconference (with opposing counsel on-line) for instructions prior to filing any other confidential document as redaction of identifying information, while helpful, may not be adequate protection.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 2, 2011